```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AL-KHALDIYA ELECTRONICS          :      MISCELLANEOUS ACTION
and ELECTRICAL EQUIPMENT         :
CO., W.L.L.                      :
                                 :
          v.                     :
                                 :
THE BOEING COMPANY, et al.       :      NO. 08-mc-00016-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                              May 28, 2008

       Plaintiff, Al-Khaldiya Electronics and Electrical Equipment Co., W.L.L., is a Kuwaiti organization which contracted with the defendant Boeing Company to promote the sales of military aircraft manufactured by Boeing to the government of Kuwait.  Plaintiff asserts that Boeing improperly and/or prematurely terminated its contracts with plaintiff, and that Boeing owes plaintiff large sums in commissions for the sales which were actually completed.  Plaintiff is suing Boeing in the United States District Court for the District of Missouri, to recover these unpaid commissions.  As part of the discovery process in that litigation, plaintiff sought to subpoena the testimony of a gentleman named Robert J. Bucalo, who was formerly employed by the United States Department of Commerce, stationed in Kuwait at the relevant times.

       Applicable federal regulations provide that, in legal proceedings in which the United States is not a party, employees of the Department of Commerce may not provide testimony or

produce any documents or other information related to the employee's official duties, "without prior authorization of the General Counsel, or Solicitor, or the appropriate agency counsel."  15 C.F.R. § 15.13.  The same regulation provides that consent may be withheld for any of the following reasons:

(a) To conserve the time of Department employees for conducting official business;

(b) To minimize the possibility of involving the Department in controversial issues that are not related to the Department's mission;

(c) To prevent the possibility that the public will misconstrue variances between personal opinions of Department employees and Department policy;

(d) To avoid spending the time and money of the United States for private purposes;

(e) To preserve the integrity of the administrative process; and

(f) To protect confidential sensitive information and the deliberative process of the Department.

15 C.F.R. § 15.13.

The Department's action in denying plaintiff's request to depose Mr. Bucalo is entitled to a presumption of regularity, but "that presumption does not prevent a reviewing court from taking a probing, 'hard look' at the agency's action."  Frisby v.

United States Dep't of Housing & Urban Dev., 755 F.2d 1052, 1055 (3d Cir. 1985)(quoting Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415-16 (1971)).  The issue is whether the Department's action is shown to be arbitrary and capricious.

In denying the plaintiff's request for Mr. Bucalo's testimony, the Department gave the following reasons:

> "We have determined to deny your request, based on our determination that the requested information is available from other sources; the impact on limited U.S. and Foreign Commercial Service resources of both of the immediate request and anticipated follow on requests in this matter; and the confidential and sensitive nature of much of the information related to this matter."

(Letter dated December 21, 2007, from the Acting Chief Counsel to plaintiff's attorneys.)  In its brief filed in the present case, the Department has stated that it no longer relies on "the availability of the requested information from other sources."

Some of the other reasons asserted by the Department seem facially absurd.  For example, since Mr. Bucalo has not been employed by the Department of Commerce for several years, it seems unlikely that Mr. Bucalo's attendance at a deposition would impose any burdens upon the time and energies of current Department employees.  Indeed, it would seem that the Department has already spent much more time opposing the subpoena than would have been involved in prompt compliance with it.

Notwithstanding these reservations, however, I have concluded that it would be inappropriate at this juncture to compel compliance with the subpoena.  In the first place, plaintiff has not shown a real need for Mr. Bucalo's testimony.  The record before me is to the effect that the defendant Boeing Company failed to renew its contract with plaintiff because, allegedly, Mr. Bucalo, on behalf of the Department of Commerce, or perhaps for personal reasons, allegedly stated that he had been assured by high officials of the Kuwaiti government that no more military aircraft would be purchased from Boeing if plaintiff continued as its representative.  Plaintiff wishes to learn from Mr. Bucalo whether he made such a statement, and, if so, for what reason.  But plaintiff's own principals know whether or not plaintiff's relations with the Kuwaiti government had deteriorated, and thus would know why such a statement might have been made; and the persons who allegedly heard Mr. Bucalo's statements are available to testify that the statements were made.

It would seem that Boeing either had a legal right to terminate its contractual relationships with plaintiff, or it did not.  Its reasons for doing so would seem to have little or no bearing upon whether plaintiff should recover the commissions it seeks.

It is at least conceivable that further inquiry of Mr. Bucalo might involve inappropriate exploration of the relationship between the United States government, the United States defense contractors, and the Kuwaiti government, which would not be adequately preserved from public scrutiny by the simple protective order which has been executed in this case. The Department of Commerce has not been shown to have acted capriciously in resisting the pending subpoena.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AL-KHALDIYA ELECTRONICS       :       MISCELLANEOUS ACTION
and ELECTRICAL EQUIPMENT      :
CO., W.L.L.                   :
                              :
        v.                    :
                              :
THE BOEING COMPANY, et al.    :       NO. 08-mc-00016-JF

<u>ORDER</u>

AND NOW, this 28th day of May 2008, upon consideration of plaintiff's motion to compel the testimony of Robert J. Bucalo, and the responses thereto, IT IS ORDERED:

That plaintiff's motion to compel is DENIED.

BY THE COURT:

<u>/s/ John P. Fullam</u>
John P. Fullam, Sr. J.